FARRELL v CITY OF DETROIT

Docket No. 150355. Submitted August 2, 1994, at Detroit. Decided
February 21, 1995, at 10:00 A.M.

David Farrell and The Detroit News, Inc., brought an action in
the Wayne Circuit Court against the City of Detroit, seeking to
obtain pursuant to the Freedom of Information Act, MCL
15.231 *et seq.*; MSA 4.1801(1) *et seq.*, computer tapes that listed
all taxpayers and the properties on which taxes were paid and
that listed all taxpayers who had entered into negotiated
payment plans with the defendant to pay property taxes that
were in arrears. The defendant had denied the requests for
copies of the computer tapes, but offered to supply a computer
printout of the requested information. The court, Cynthia D.
Stephens, J., denied summary disposition for the plaintiffs and
granted summary disposition for the defendant on the bases
that the defendant had no duty to provide a new document or
record and that the printed copies of the information requested
by the plaintiffs satisfied the defendant's obligation under the
FOIA. The plaintiffs appealed.

The Court of Appeals *held:*

1. Although the trial court correctly concluded that the
printer backup tape was a public record within the meaning of
the FOIA, it erred in concluding that the requirements of the
FOIA were satisfied by the supplying of the same information in
the form of a computer printout. Because the computer records
constitute public records subject to disclosure pursuant to the
FOIA, the defendant was required to supply those records in
that form upon the request of the plaintiffs.

2. It was established that the printer backup tape containing
the general list of taxpayers is retained for an undetermined
period of time before it is reused. Accordingly, with respect to
that list, there is no need for the defendant to create a new
public record, and the defendant, thus, must maintain that

REFERENCES

Am Jur 2d, Freedom of Information Acts §§ 63, 438, 439.
State freedom of information act requests: right to receive informa-
tion in particular medium or format. 86 ALR4th 786.

tape until it has complied with requests under the FOIA for copies of that tape.

3. Although the information relative to taxpayers who have negotiated payment plans is not kept on the printer backup tape, that information being printed directly from a disk on the computer that retains that information in that form for only a brief period of time, copying that information from the disk to the printer backup tape before it is erased from the disk so that it can be distributed as part of the copies of the printer backup tape could be accomplished easily and does not constitute the creation of a new document within the meaning of the FOIA.

4. The record fails to support the defendant's assertion that release of the printer backup tape would result in the release to the plaintiffs of the defendant's software or computer technology.

5. The defendant has not asserted that the computer tapes are subject to an exemption under the FOIA, but rather that the computer tapes are not public records that are subject to disclosure under the FOIA, an assertion that clearly is incorrect.

Reversed and remanded.

RECORDS — FREEDOM OF INFORMATION ACT — COMPUTER TAPES.

Computer tapes are public records that are subject to disclosure within the meaning of the Freedom of Information Act; the providing of a computer printout of the information contained on a computer tape does not satisfy the statutory obligations to provide a public record upon request (MCL 15.232[e], 15.233[1]; MSA 4.1801[2][e], 4.1801[3][1]).

*Butzel Long* (by *James E. Stewart* and *Leonard M. Niehoff*), for the plaintiffs.

*Donald Pailen,* Corporation Counsel, and *William M. Wolfson,* Assistant Corporation Counsel, for the defendant.

Before: JANSEN, P.J., and WHITE and M. J. TALBOT,* JJ.

WHITE, J. The Detroit News, Inc., and David Farrell, a staff writer at the newspaper, appeal from an order of the circuit court granting sum-

* Circuit judge, sitting on the Court of Appeals by assignment.

mary disposition dismissing plaintiffs' Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.,* complaint seeking to obtain City of Detroit records, in computer form, regarding property taxes. We reverse.

In a July 26, 1990, letter to defendant, Farrell sought disclosure, pursuant to the FOIA, of "a computerized listing of all taxpayers who pay City of Detroit property taxes." The letter stated that Farrell was requesting the computer tape containing the information. Farrell clarified the request on July 30, 1990, explaining that he was requesting a listing of all taxpayers and the accompanying listing of the properties on which the taxes were paid.

In a letter response to Farrell's request, assistant corporation counsel for defendant stated that the information was available in computer printout form during regular business hours. Plaintiffs responded to the city's response through counsel, repeating their request for a computer tape. Corporation counsel replied that no computer tape of the information sought existed. Corporation counsel also expressed the view that defendant did not have a duty to produce a tape for plaintiffs. Further correspondence between counsel did not resolve the matter. In count I of the complaint in the instant action, plaintiffs maintain that defendant's decision to deny access to the records in computer form was contrary to the FOIA because, by definition, a public record includes magnetic or paper tapes and other means of recording content and defendant had no legal basis for withholding release of the tape.

Farrell had submitted a second request to defendant on July 30, 1990, for "the computer tape containing a listing of all property taxpayers in the City of Detroit who have entered into negoti-

ated payment plans with the City to pay their property taxes that are in arrears." Defendant offered plaintiffs a computer printout of the requested information, but maintained that no computer tape was available. Plaintiffs responded that they were requesting the computer record in any form, i.e., tape, disk, database, and so on. Relying on *Dismukes v Dep't of Interior,* 603 F Supp 760 (D DC, 1984), defendant again offered the information in computer printout or hard copy form. In count II, plaintiffs contend that defendant did not have a legal right to withhold access to the computer records.

On March 26, 1991, after learning that computer tapes were created seasonally by defendant, plaintiffs requested a subscription to any future issuances of the computer tape of taxpayers. Plaintiffs' complaint includes a third count based on defendant's denial of plaintiffs' request for the subscription to these tapes.

Plaintiffs filed a motion for summary disposition pursuant to MCR 2.116(C)(10). In response, defendant filed its own motion for summary disposition pursuant to MCR 2.116(C)(8). The trial court granted summary disposition for defendant on the bases that defendant had no duty to provide a new document or record and that providing hard copies of the requested information was sufficient to comply with the FOIA.

I

On appeal, plaintiffs argue first that the trial court erred as a matter of law in granting defendant's motion for summary disposition, because the court placed incorrect emphasis on the information sought rather than the records requested. Plaintiffs contend that having concluded correctly

that the computer records exist and that they are "documents" or "writings" under the FOIA, the court should have ordered them produced, rather than engaging in further analysis regarding the availability of the information in other forms. We agree.

Michigan's FOIA requires that a public body disclose public records once a proper request has been made. MCL 15.233(1); MSA 4.1801(3)(1). Public records include writings and other means of recording, such as magnetic or paper tapes or discs. MCL 15.232(e); MSA 4.1801(2)(e). The FOIA presumes that all records are subject to disclosure unless the public body can show that the requested information falls within one of the statutory exemptions. *Lepp v Cheboygan Area Schools,* 190 Mich App 726, 732; 476 NW2d 506 (1991).

Defendant relies on this Court's decisions in *Kestenbaum v Michigan State Univ,* 97 Mich App 5; 294 NW2d 228 (1980), and *Mullin v Detroit Police Dep't,* 133 Mich App 46; 348 NW2d 708 (1984), and the Supreme Court's decision in *Kestenbaum,* 414 Mich 510, 558; 327 NW2d 783 (1982). However, the question in *Mullin* was whether the defendant properly had claimed the "unwarranted invasion of privacy" exemption from disclosure. In the course of balancing the invasion of privacy against the public benefit of disclosure, a panel of this Court observed that defendant had met the requirement that it make the nonexempt material available through means other than the requested computer tape. However, the Court's decision was focused on the privacy exemption, and the Court nowhere held that a public body can satisfy an FOIA request for a computer record by providing a hard copy.

*Kestenbaum* involved a request for a computer tape of student names and addresses to be used in

a commercial mailing enterprise. A panel of this Court reversed the trial court's order requiring disclosure, concluding:

> It is our opinion that the computer tape is exempt from release under § 13(a) of the FOIA for the reason that the public purpose of dissemination of political views could have been accomplished by other means without invading the privacy of the individual students. The FOIA provides for freedom of information, not freedom to acquire valuable technological data which was developed at public expense, nor highly personal and sensitive information through records maintained by the university. Finally, release of the information would not further the purpose of the FOIA since plaintiff sought this information for commercial gain, not so that he might be able to monitor governmental affairs. [97 Mich App 23-24]

We conclude that none of these considerations are present in the instant case. No claim of privacy is involved here, the newspaper cannot be equated with a private commercial enterprise, and any claim that the computer tape contains valuable technological data has not been substantiated. (See part III, *infra*.)

This Court's decision in *Kestenbaum* was affirmed by an equally divided Supreme Court. Justice FITZGERALD, writing for three justices, concluded that the information in computer form constituted an unwarranted invasion of privacy. Justice RYAN, also writing for three justices, would have reversed, concluding that the computer tape did not fall within the privacy exemption. Both opinions recognized that the computer tape was a public record and that the burden was on the defendant to establish an exemption under the FOIA. Again, in the instant case defendant claims

no exemption. Rather, it asserts that disclosure of the information in printed form is sufficient. *Kestenbaum* does not support this proposition.

In *Payne v Grand Rapids Police Chief,* 178 Mich App 193; 443 NW2d 481 (1989), the plaintiff sought to review a tape recording of emergency calls to defendant police department. The defendant offered a typed transcript of the calls, redacted to delete exempt material. The plaintiff declined the offer and suggested that a master be appointed to review the actual tape. The circuit court ultimately concluded that the only practical way to furnish the information while separating the exempt material was through the preparation of transcripts. This Court reversed, concluding the defendant had failed to establish its claim of exemption, and ordered that a master be appointed to review the tape. The Court stated:

> In its opinion, the trial court correctly recognized that the "public record" requested was the actual magnetic tape—not the transcript—of the incoming emergency calls. [*Id.* at 202].

The *Payne* Court, *id.* at 203, cited *Kestenbaum,* 414 Mich 558, and adopted Justice RYAN's observation that

> "MCL 15.233; MSA 4.1801(3) gives a person the right to 'inspect, copy, or receive copies of a *public record,*' not merely to obtain the 'information' contained in a public record in any form in which the public body sees fit to release it. A paper printout is simply not a 'copy' of a magnetic tape." [Emphasis in original.]

We observe also that the Michigan FOIA differs from the federal FOIA, which requires that the information requested be provided with no appar-

ent regard to the format of the record. See, e.g., 5 USC 552(a)(1); *Dismukes, supra.*[1]

Here, plaintiffs requested the computer records defendant used to generate two lists, one of taxpayers and their properties and one of taxpayers who had entered into negotiated payment plans with defendant. In Michigan, these computer records constitute public records subject to disclosure under the FOIA. MCL 15.232(e); MSA 4.1801(2)(e). Plaintiffs specifically requested the computer tapes containing the information and were not satisfied with defendant's offer to provide hard copies. We agree that defendant is required to provide the "public record" plaintiffs request, not just the information contained therein. *Payne, supra.* We conclude that the trial court erred to the extent it held that defendant was not required to provide plaintiffs with the computer tape because the in-

---

[1] The Illinois Supreme Court found this distinction significant in *AFSCME v Cook Co,* 136 Ill 2d 334; 144 Ill Dec 242; 555 NE2d 361 (1990), where plaintiff union brought an action to compel Cook County to provide a computer tape requested under the Illinois Freedom of Information Act. Relying on *Dismukes v Dep't of Interior,* 603 F Supp 760 (D DC, 1984), a decision interpreting the federal freedom of information act, the county asserted that it had complied with the act by providing the information in printed form and thus had no obligation to provide the computer tape as actually requested. The Illinois Supreme Court disagreed and rejected *Dismukes'* applicability to the Illinois statute:

> The [*Dismukes*] court came to this conclusion because it found that what was important was the information content of the record and not the record itself for the purpose of the Federal Freedom of Information Act. The Federal statute appears to require only that "public information" be made available. (5 USC § 552 (Supp. I 1976).) The Illinois Act, however, requires that "public records," which include computer tapes, be made available. That is, the Illinois Act is not solely concerned with content, it also requires that information be made available in the form in which it is normally kept. [136 Ill 2d 345-346.]

A similar conclusion was reached in *Brownstone Publishers v New York City,* 17 Media L Rptr 2237 (NY Sup, 1990).

formation contained on the computer tape was made available in printed form.

## II

Plaintiffs next argue that the trial court erred in dismissing their claim on the basis that the request required defendant to create a new record. We agree.

MCL 15.233(3); MSA 4.1801(3)(3) states that a public body is not required to either create a new public record or make a summary or compilation of information. In *Bredemeier v Kentwood Bd of Ed,* 95 Mich App 767, 771; 291 NW2d 199 (1980), this Court held that the FOIA does not require that information be recorded under this rule, but that if it is recorded, it must be disclosed.

Here, the record revealed that in January and October of each year, defendant creates a taxpayer assessment roll. The information constituting the initial assessment roll is recorded three different ways: (1) the information is contained with other building and licensing information on multiple database cartridges; (2) the information relating solely to the assessment roll is collected on a printer backup tape; and (3) the assessment roll is printed on paper from the backup tape.[2] The printed paper copy is then corrected by hand and ultimately becomes the official assessment roll. The printer backup tape is retained for an undetermined amount of time, and is then reused. Plaintiffs seek a copy of the printer backup tape.

There was testimony that making a copy of the printer backup tape would take about one or two hours and that the copy could be used on almost

---

[2] The parties seem to have a factual dispute regarding the methods of storing and copying the information. However, it appears to this Court that the dispute is illusory when one recognizes that the witnesses were discussing both the data tapes and the printer backup tapes, which differ significantly. (See n 3.)

any computer system.[3] Because defendant does create a printer backup tape for the general list of taxpayers, plaintiffs' request for the computer record does not require defendant to create a new public record in violation of MCL 15.233(3); MSA 4.1801(3)(3). While the tapes are not kept for a long period of time, plaintiffs did request a subscription for future copies of the report. We conclude that defendant is required to maintain the printer backup tapes of the taxpayer listing until it has complied with the requests.

The information relative to taxpayers who have negotiated payment plans with defendant is not as comprehensive, and defendant does not use a printer backup tape when printing the list. Rather, the list is printed directly from a disk through the mainframe computer.[4] This list is printed periodically in the regular course of defendant's official activities. The information is stored on the disk for only a few hours, but an operator would simply have to direct that the file being used to make the printout also be sent to a printer backup tape in order to copy the information and create a printer backup tape. The process would take anywhere from minutes to less than an hour.

Thus, a computer record of this information does

---

[3] Defendant does not have a single data tape with the same information on it, but, rather, the data is maintained on multiple backup cartridges. Therefore, to have a data tape with the information on the assessment role, one would have to either make a data tape from the printer backup tape or retrieve and copy from the multiple data cartridges. Making a data tape from the printer backup tape would not require access to defendant's software, but would require someone with expertise in mainframe computers and would take one or two weeks. Producing a data tape from the multiple data cartridges would require the same computer as defendant, and a new or modified computer program to compile the relevant individual files; this could take up forty hours, plus computer time.

[4] Producing a data tape of this information would require the same difficult and time-consuming process as producing a data tape of the taxpayer listing.

exist and is stored on disks for a few hours. This requested information can be easily copied to a printer backup tape. We conclude that the process of copying the information from a disk to a printer backup tape instead of, or in addition to, copying it onto a hard copy, does not create a new document, because no new information is being compiled or organized. Rather, the information is assembled and stored on the disk in the regular course of the defendant's activities, and it is simply being copied onto a tape rather than paper.

Defendant argues that at the oral argument of the summary disposition motions, plaintiffs requested the production of the work disk itself. However, plaintiffs' original request was for a computer tape, and plaintiffs do not on appeal assert an entitlement to the disk.

### III

Plaintiffs also contend that the trial court erred in concluding that production of the computer records would require release of computer software and in denying the request based on *Mullin, supra.* We agree with plaintiffs that testimony established that the printer backup tapes can be provided to plaintiffs independent of any software or computer technology. The printer backup tapes can be used on other computers and do not require access to defendant's software. Therefore, there is no need for defendant's software to be utilized or released with the printer backup tapes. For this reason, OAG, 1979-1980, No 5500, p 255 (July 23, 1979) is inapplicable.

### IV

Plaintiffs also challenge defendant's argument

that the computer tape of the general list of property taxpayers and the corresponding properties did not exist in October 1990. However, defendant has not pursued this argument on appeal, and we need not address it further.

v

Finally, plaintiffs argue that defendant failed to prove an exemption for the computer records. In response to plaintiffs' motion for summary disposition, and in support of its own motion, defendant argued that the computer record of taxpayers and properties is exempt under MCL 15.243(1)(n); MSA 4.1801(13)(1)(n), which exempts

> [c]ommunications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action. This exemption shall not apply unless the public body shows that in the particular instance the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighs the public interest in disclosure.

However, defendant has not asserted this exemption on appeal. Rather, defendant argues that the trial court erred when it concluded that the printer backup tape is a public record. Defendant asserts that the public record is the assessment roll and that record is regularly kept in printed form. Defendant contends that because the record is kept regularly in that form, defendant has no obligation to produce it in any other form. Defendant also argues that the printer backup tape is not used "in the performance of an official function" and therefore it is not a public record. Defen-

dant additionally relies on OAG, No 5500, *supra,* p 265, arguing that the tape is simply an "instructional form which is but an integral part of computer operation." We are not persuaded by defendant's arguments.

Plaintiffs did not request a copy of the assessment roll. Rather, they requested a copy of a computer tape containing certain information. The relevant questions are whether the tape exists, whether it is a public record under the FOIA, and whether it is exempt. There is no claim that the tape is exempt under the FOIA. It is undisputed that the tape exists for some period of time. And, the trial court did not err in concluding that the tape is a public record. The printer backup tape is the equivalent of the initial computer printout. While this record is not the equivalent of the assessment roll, it is, nevertheless, used in the performance of an official function—the preparation of the assessment roll. Additionally, the tape is a writing used to record information, not computer operating instructions. We conclude that the tape is a public record under the FOIA.

Reversed and remanded for further proceedings. We do not retain jurisdiction.