WALLOON LAKE WATER SYSTEM, INC v MELROSE TOWNSHIP

Docket No. 93826. Submitted June 11, 1987, at Grand Rapids. Decided October 19, 1987.

Lawrence Olliffe, supervisor of Melrose Township, received a letter which in some way pertained to the water system provided to part of the township by Walloon Lake Water System, Inc. The letter was read aloud to the township board of trustees at their regularly scheduled meeting and was offered to Alfred Hass II, administrator of Walloon Lake Water System, Inc. Hass refused to accept the letter because it was not addressed to him or to Walloon Lake Water System, Inc. Approximately three weeks later, Hass requested a copy of the letter pursuant to the Freedom of Information Act. Olliffe informed Hass that, although he had a copy of the letter, he would not make the letter available to Hass. Walloon Lake Water System, Inc. filed suit against Melrose Township and Lawrence Olliffe in Charlevoix Circuit Court alleging that the letter was a public record subject to the FOIA and seeking its disclosure. By the date of trial, Olliffe had disposed of his copy of the letter. Following trial, the court, Richard M. Pajtas, J., ruled that the letter was a public record subject to disclosure under the FOIA, but dismissed plaintiff's complaint for mootness since defendants no longer possessed any copies of the letter. The court also denied plaintiff's request for costs, attorney fees, and punitive damages. Plaintiff appealed and defendant Melrose Township cross-appealed.

The Court of Appeals held:

1. The letter was a public record generally subject to disclosure.

2. Defendants' violation of the FOIA rendered the issue of disclosure moot, but did not preclude consideration of plaintiff's

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 1 et seq.

Construction and application of Freedom of Information Act provision (5 USCS § 552(a)(4)(E)) concerning award of attorney fees and other litigation costs. 36 ALR Fed 530.

What are "records" of agency which must be made available under state freedom of information act. 27 ALR4th 680.

request for costs, attorney fees and punitive damages. A plaintiff prevails in an FOIA action so as to be entitled to a mandatory award of costs and fees where he is forced into litigation and is successful with respect to the central issue that the requested materials were subject to disclosure under the act, even though the action has been rendered moot by acts of the public body in disposing of the documents. The trial court's order denying costs and attorney fees to plaintiff is vacated.

3. The order denying punitive damages to plaintiff is also vacated. Defendant's action in refusing plaintiff's request for a copy of the letter without the explanation required by the FOIA and subsequently rendering a judicial order of disclosure impossible by disposing of the only copy of the document was an arbitrary and capricious violation of the FOIA as a matter of law, entitling plaintiff to an award of punitive damages.

Affirmed in part, reversed in part and remanded for imposition of costs, attorney fees and punitive damages in favor of plaintiff.

1. RECORDS — FREEDOM OF INFORMATION ACT.

A document must be considered a public record for purposes of the Freedom of Information Act where the content of the document is made part of the minutes of a public body's meeting at which official affairs are conducted and the content of the document serves as the basis for a decision to refrain from taking official affirmative action (MCL 15.231[2], 15.232[c]; MSA 4.1801[1][2], 4.1801[2][c]).

2. RECORDS — FREEDOM OF INFORMATION ACT.

The Freedom of Information Act does not require that information be recorded by a public body; it only gives a right to access to records in existence.

3. RECORDS — FREEDOM OF INFORMATION ACT — DUTY.

The duty to provide access to records properly requested under the Freedom of Information Act inherently includes the duty to preserve and maintain such records until access has been provided or a court executes an order finding the record to be exempt from disclosure.

4. RECORDS — FREEDOM OF INFORMATION ACT — ATTORNEY FEES.

Reasonable attorney fees, costs, and disbursements are generally awarded to the prevailing party in an action commenced pursuant to the Freedom of Information Act; a plaintiff prevails in an FOIA action so as to be entitled to a mandatory award of costs and fees where he is forced into litigation and is successful with respect to the central issue that the requested materi-

als were subject to disclosure under the FOIA, even though the action has been rendered moot by acts of the public body in disposing of the documents (MCL 15.240[4]; MSA 4.1801[10][4]).

5. RECORDS — FREEDOM OF INFORMATION ACT — PUNITIVE DAMAGES.
   The refusal of a Freedom of Information Act request for a copy of a document without the explanation required by the act and, subsequently, rendering a judicial order of disclosure impossible by disposing of the only copy of the document is an arbitrary and capricious violation of the FOIA as a matter of law by the defendant in an FOIA action and entitles the plaintiff to an award of punitive damages (MCL 15.240[5]; MSA 4.1801[10][5]).

*Marco, Litzenburger, Smith, Brown & Wynn, P.C.* (by *James F. Wynn*), for plaintiff.

*Stroup, Mulhauser, Johnson & Tresidder, P.C.* (by *Charles W. Johnson*), for defendants.

Before: SULLIVAN, P.J., and McDONALD and J. M. GRAVES,* JJ.

SULLIVAN, P.J. Plaintiff appeals and defendant Melrose Township cross-appeals as of right from the trial court's judgment and order in which the court ruled that a letter received by the individual defendant, Lawrence Olliffe, on behalf of the defendant township was a public record subject to disclosure under the Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.,* but dismissed plaintiff's complaint for mootness since defendants no longer possessed any copies of the subject letter.

The matter was submitted for trial on stipulated facts. The letter at issue was written by a William Pawtak to defendant Olliffe, supervisor of the defendant township. The letter pertained in some way to the water system provided by plaintiff to part of the township.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On October 8, 1985, the letter was read aloud to the township board of trustees at their regularly scheduled meeting. The township at that time then offered the letter to plaintiff's administrator, Alfred Hass II. Hass, however, refused to accept the letter because it was not addressed to him or to plaintiff.

On about October 30, 1985, Hass made an oral request to defendant's township clerk pursuant to the FOIA and on behalf of plaintiff for a copy of the letter. The clerk verbally informed Hass that he would have to check with the township clerk [sic, supervisor?] to obtain a copy of the letter. Olliffe subsequently telephoned Hass and informed Hass that, although he had a copy of the letter, he would not make the letter available to Hass. Hass followed up with a written request for disclosure, which went unanswered. By the date of the trial, Olliffe had disposed of the copy, giving it to an individual for use in an unrelated piece of litigation.

First, we address the threshold issue raised in defendant township's cross-appeal, whether the letter is a "public record" subject to disclosure under § 3 of the FOIA, MCL 15.233(1); MSA 4.1801(3)(1). If it is not, the FOIA does not apply and the remaining issues become moot. A public record is defined as

[a] writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created. [MCL 15.232(c); MSA 4.1801(2)(c).]

Applying this definition, we agree with the trial court that the letter was a public record generally subject to disclosure. At the township meeting, the letter was read to the board, which considered its

contents to decide that the subject of the letter did not require township action. Without opining as to what extent an outside communication to an agency constitutes a public record, we believe that here, once the letter was read aloud and incorporated into the minutes of the meeting where the township conducted its business, it became a public record "used . . . in the performance of an official function."

Both parties offer various dictionary definitions of the term "use," as contained in § 3, in support of their positions. However, we find adequate support for our conclusion from a perusal of § 1 of the FOIA, which states in pertinent part:

> (2) It is the public policy of this state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2); MSA 4.1801(1)(2).]

We believe that this purpose must be considered in resolving ambiguities in the definition of public record. *Kestenbaum v Michigan State University*, 414 Mich 510, 522; 327 NW2d 783 (1982). To be fully aware of the affairs of government, interested citizens are entitled to know not only the basis for various decisions to act, but also for decisions not to act. To further this purpose, we must construe the FOIA in such a manner as to require disclosure of records of public bodies used or possessed in their decisions to act, as well as of similar records pertaining to decisions of the body not to act. Under this holding, not every communication received by a public body will be subject to disclosure. But where, as here, the content of a docu-

ment is made part of the minutes of the body's meeting where it conducts its official affairs and the content of the document served as the basis for a decision to refrain from taking official affirmative action, that document must be considered a "public record," as defined by the FOIA.

This conclusion, however, does not end our analysis, as the parties stipulated at trial that defendants no longer possessed the original nor the copy of the letter. The parties further stipulated that the copy had been given to a third party subsequent to plaintiff's request. Given this information, the trial court ruled that the matter was moot and that plaintiff was not entitled to costs or punitive damages. After careful consideration, we believe this holding was partly erroneous.

Under the FOIA, a person has a right to receive, upon proper request, copies of a public record not subject to exemption from disclosure. MCL 15.233(1); MSA 4.1801(3)(1). A public body receiving such a request has a simultaneous duty to provide access to the records sought or to release copies of those records. MCL 15.233(2); MSA 4.1801(3)(2), *Pennington v Washtenaw Co Sheriff,* 125 Mich App 556, 564; 336 NW2d 828 (1983). If the request is denied, the burden is on the public body to justify its decision. MCL 15.240(1); MSA 4.1801(10)(1), *State Employees Ass'n v Dep't of Management & Budget,* 428 Mich 104, 109; 404 NW2d 606 (1987).

Our Supreme Court has consistently recognized that the FOIA is a "disclosure statute." 428 Mich 109. Thus, the FOIA does not require that information be recorded; it only gives a right of access to records in existence. *Bredemeier v Kentwood Bd of Ed,* 95 Mich App 767, 771; 291 NW2d 199 (1980). Similarly, we agree with defendant township's statement that the FOIA generally does not impose

a duty upon a governmental official to prepare or maintain a public record or writing independent from requirements imposed by other statutes. See OAG 1979-1980, No 5500, p 255 (July 23, 1979). However, defendant is nonetheless subject to the foregoing duty to provide access to a properly requested public record not exempt from disclosure.

Consequently, once again construing the FOIA liberally to enforce its stated objective, we are compelled to conclude that the duty to provide access to records properly requested under the FOIA inherently includes the duty to preserve and maintain such records until access has been provided or a court executes an order finding the record to be exempt from disclosure.[1] Although such a requirement was not expressly provided for by the Legislature, it cannot be seriously maintained that the Legislature did not contemplate the continued existence of the record subsequent to the request for disclosure and during the pendency of a suit filed under the FOIA. If public bodies were free to dispose of requested records during this time, a claimaint's right to disclosure under the FOIA would not be adequately safeguarded.

This case presents a perfect illustration of this point. Upon receiving plaintiff's request for the letter, defendant Olliffe admitted to possessing a copy of the letter, but refused to comply with the request. Plaintiff, after issuing its request, had a right to access to the letter or, alternatively, to a written explanation justifying defendant Olliffe's refusal. See MCL 15.235(2), (4); MSA 4.1801(5)(2),

---

[1] An unsuccessful claimant who desires to obtain appellate review of an adverse ruling by the circuit court may move for an injunction prohibiting disposal of the public record sought during the pendency of the appeal.

(4). Rather than following the mandates of the FOIA, defendant Olliffe merely relinquished possession of the document, thereby defeating the purposes of the FOIA. The Legislature could not have intended for a public body which seeks to prevent disclosure to take justice into its own hands in such a manner.

Although defendant Olliffe's violation of the FOIA in this manner obviously rendered the issue of disclosure moot, it did not preclude consideration of plaintiff's request for costs, attorney fees and punitive damages, MCL 15.240(4), (5); MSA 4.1801(10)(4), (5).

A plaintiff in an FOIA action must "prevail" in the action to be entitled to a mandatory award of costs and fees; if he or she prevailed "in part," the award is discretionary. MCL 15.240(4); MSA 4.1801(10)(4). This Court has held that, in order to show that he "prevailed" in the action, a plaintiff must demonstrate that prosecution of the action was necessary to and had a causative effect on the delivery of or access to the document. See, e.g., *Bredemeier v Kentwood Bd of Ed, supra.* A strict application of this definition obviously supports the trial court's decision here to deny plaintiff's request for costs and fees. However, we believe that such a strict application is inappropriate in cases such as this.

In drafting MCL 15.240(4); MSA 4.1801(10)(4), the Legislature apparently intended to enforce the obvious salutary purposes of the FOIA to encourage voluntary compliance with requests under the FOIA and to encourage plaintiffs who are unable to afford the expense of litigation to nonetheless obtain judicial review of alleged wrongful denials of their requests. Cf. *Schinzel v Wilkerson,* 110 Mich App 600, 604; 313 NW2d 167 (1981), lv den 417 Mich 863 (1983). In light of these purposes, we

believe that a plaintiff "prevails" in the action so as to be entitled to a mandatory award of costs and fees where he is forced into litigation and is successful with respect to the central issue that the requested materials were subject to disclosure under the FOIA, even though the action has been rendered moot by acts of the public body in disposing of the documents. An otherwise successful claimant should not assume the expenses of the litigation solely because it has been rendered moot by the unilateral actions of the public body. The trial court's order denying costs and attorney fees is therefore vacated.

Similarly, we vacate the order denying plaintiff punitive damages. Such damages in the amount of $500 are authorized for arbitrary and capricious violations of the FOIA. MCL 15.240(5); MSA 4.1801(10)(5). Although defendants indeed provided the trial court and this Court with reasonable arguments supporting their position on the threshold issue, *supra,* defendant Olliffe's actions of refusing plaintiff's request without the explanation required by the FOIA and, subsequently, rendering a judicial order of disclosure impossible by disposing of the only copy of the document was an arbitrary and capricious violation of the FOIA as a matter of law.

Affirmed in part, reversed in part and remanded for imposition of costs, attorney fees and punitive damages in favor of plaintiff.[2]

---

[2] As an aside to our discussion of the issues raised on appeal, we have observed from our review of the record that the trial court allowed Mr. Olliffe, a nonattorney, to represent not only himself below, but likewise allowed him to represent the governmental entity for whom he was employed through the end of the trial, in probable violation of MCL 600.916; MSA 27A.916 and Code of Professional Responsibility and Canons, DR 3-101. See *Cobb v Judge of the Superior Court of Grand Rapids,* 43 Mich 289, 290-291; 5 NW 309 (1880). The trial judge is cautioned to take all steps necessary to assure that the unauthorized practice of law does not occur in his courtroom during future proceedings.