MacKENZIE v WALES TOWNSHIP

Docket No. 219806. Submitted February 7, 2001, at Detroit. Decided August 3, 2001, at 9:00 A.M.

Robert MacKenzie brought an action in the St. Clair Circuit Court against Wales Township and Fort Gratiot Charter Township, seeking to compel the defendants under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, to provide him copies of magnetic computer tapes containing property tax information. The tapes had been generated by, and were in the possession of, the city of Port Huron pursuant to contracts under which Port Huron, on the basis of paper documents provided by the townships, prepared for the townships property tax notices for mailing to property owners in the townships. On cross-motions for summary disposition, the court, Peter E. Deegan, J., granted summary disposition for the defendants, ruling that the tapes were not records for purposes of the FOIA and that the FOIA does not require the defendants to sign release forms demanded by Port Huron for the plaintiff's access to the tapes. The plaintiff appealed.

The Court of Appeals *held*:

1. Under the FOIA, a person has a right to receive, upon proper request, copies of public records not subject to exemption from disclosure. In this case, the defendants did not contend that any exemption applied.

2. The FOIA defines "public record" as "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." Because the tapes existed and were created for the purpose of, and used in, the defendants' official function of distributing tax notices, the tapes were public records for purposes of the FOIA.

3. A public body has a duty under the FOIA to provide access to nonexempt records sought or to release copies of those records. The FOIA provides that a court that determines a public record is not exempt from disclosure shall order the public body to cease withholding or to produce all or a portion of the record wrongfully withheld, regardless of the location of the public record. On remand, the trial court must order the defendants to produce the tapes, whether by signing the release required by Port Huron or

obtaining copies of the tapes and forwarding them to the plaintiff, subject to fees provided in the FOIA.

Reversed and remanded for entry of summary disposition for the plaintiff.

RECORDS — FREEDOM OF INFORMATION ACT — COMPUTERIZED PROPERTY TAX INFORMATION.

Magnetic computer tapes that contain property tax information and that are generated by, and in the possession of, a municipality under a contract with a township for the preparation of township tax notices for mailing to township property owners are writings used by the township in the performance of an official function and are therefore public records of the township that are subject to disclosure pursuant to the Freedom of Information Act (MCL 15.231 *et seq.*).

*Fresard and Associates, P.C.* (by *Michelle DeMarco*), for Robert MacKenzie.

*James Dubry*, for Wales Township.

*Beauchamp, Kelly, Whipple, Zick & Keyes, P.L.L.C.* (by *Keith D. Zick*), for Fort Gratiot Charter Township.

Before: BANDSTRA, C.J., and GRIFFIN and COLLINS, JJ.

COLLINS, J. Plaintiff Robert MacKenzie appeals as of right the order denying his motion for summary disposition and granting summary disposition in favor of defendants Wales Township and Fort Gratiot Charter Township. We reverse and remand.

Both defendants contracted with the city of Port Huron to prepare property tax notices for mailing to property owners in their respective townships. Using paper tax documents provided by the townships, Port Huron created magnetic computer tapes containing the pertinent tax information on each individual property owner. Port Huron then returned the paper tax documents and retained the tapes. Plaintiff, a real estate broker, requested from defendants, as well as a

number of other municipalities, a copy of the tapes containing their respective tax rolls under the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq.* Plaintiff included a release form that Port Huron requires before it will release the computer tapes to third parties and asked that defendants sign and return the form. Both defendants refused. Defendant Wales Township stated in a letter to plaintiff that it "does not give anyone permission to obtain our current tax roll on computer tape or disc," and informed plaintiff that the paper documents from which the computer tape was created were available to him.

Plaintiff filed a complaint requesting that the circuit court order defendants to sign the releases so that Port Huron would release the tapes. Wales Township responded that because the tapes were not in its possession, the FOIA did not cover those items. Fort Gratiot responded that the FOIA does not permit it to direct Port Huron to release such a record. Both defendants offered to open the assessment records and tax files in their possession for inspection and copying.

The circuit court granted summary disposition to defendants and denied plaintiff's motion for summary disposition. The court found that the tapes sought by plaintiff were not "records" as defined by the FOIA, because defendants did not create or possess the tapes. The court further found that there was no requirement under the act that defendants execute a release.

Plaintiff moved for rehearing or reconsideration and submitted an affidavit from the data processing manager for Port Huron stating that Port Huron possesses property tax data from defendants on its mainframe computer, that Port Huron provided data pro-

cessing services to defendants, and that this service included property tax billing and storage of necessary data for defendants. The affidavit indicated that Port Huron could provide a magnetic tape with the name, address, and description of the parcels to plaintiff, but that Port Huron's policy was to allow copying of the magnetic tapes only if defendants provided written approval before the creation of the copy of the tape and plaintiff paid an established fee. The court denied plaintiff's motion, stating that plaintiff did not demonstrate a palpable error by which the court was misled and that plaintiff merely presented the same issues ruled on at the earlier hearing.

Plaintiff argues on appeal that the court erred in granting defendants' motion for summary disposition and denying his motion because the tapes he requested are nonexempt public records subject to disclosure under the FOIA. We review de novo a trial court's decision regarding a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Likewise, statutory interpretation is a question of law that we review de novo. *Herald Co v Bay City*, 463 Mich 111, 117; 614 NW2d 873 (2000). We must examine the statutory language "to discern the legislative intent that may reasonably be inferred from the words expressed in the statute." *Id.* Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. *Western Michigan Univ Bd of Control v Michigan*, 455 Mich 531, 539; 565 NW2d 828 (1997).

Under the FOIA, a person has a right to receive, upon proper request, copies of public records not subject to exemption from disclosure. MCL 15.233(1);

*Swickard v Wayne Co Medical Examiner,* 438 Mich 536, 544; 475 NW2d 304 (1991). When a public body refuses to disclose a requested record under the FOIA, the public body bears the burden of proving that the refusal was justified under the act. MCL 15.240(4); *Swickard, supra.*

Here, defendants do not argue that the requested tapes fall under any of the statutory exemptions, but rather contend that the tapes do not fall within the statutory definition of a "public record" and thus are not subject to the FOIA in the first place. The statute defines a "public record" as "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." MCL 15.232(e).

Relying on *Farrell v Detroit,* 209 Mich App 7; 530 NW2d 105 (1995), plaintiff argues here, as he did below, that because the computer tapes existed and were created for the purpose of, and used in, performing defendants' official function of distributing tax notices, the tapes were public records for purposes of the FOIA. In *Farrell,* this Court found that computer tapes that the defendant in that case created and used to generate lists of taxpayers and their properties and lists of taxpayers who had entered into negotiated payment plans with the defendant were public records subject to disclosure under the FOIA. *Id.* at 14. Although the defendant had offered the plaintiff a computer printout of the requested information, this Court held that because the plaintiffs had made a specific request for an existing computer tape, the defendant was required to provide the plaintiffs with the tape; providing the information in printed form was not sufficient. *Id.* at 14-15.

Here, the circuit court distinguished *Farrell* on the basis that the defendant in *Farrell* actually created and retained the tapes requested by the plaintiff, whereas in this case Port Huron, not defendants, created and retained the tapes. We do not find this distinction persuasive. While defendants did not create or have physical possession of the tapes, it may be reasonably inferred that they *used* the tapes, albeit indirectly, in performing an official function; thus, those tapes fall within the statutory definition of a "public record." By contracting with Port Huron to prepare tax notices for mailing and providing to that entity the information necessary to do so, defendants delegated a clerical task, a task that the defendant in *Farrell* apparently had the resources to perform for itself. Defendants may not avoid their obligations under the FOIA by contracting for a clerical service that allows them to more efficiently perform an official function. See *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285, 303; 565 NW2d 650 (1997).

Further, we distinguish the facts of this case from those of *Hoffman v Bay City School Dist*, 137 Mich App 333; 357 NW2d 686 (1984), where this Court held that an investigatory file that was created by an attorney for the defendant school district, which requested and paid for the investigation, was not a public record subject to disclosure under the FOIA. Considering federal case law interpreting the federal FOIA, 5 USC 552,[1] the *Hoffman* Court noted that

---

[1] Federal court decisions regarding whether an item is an "agency record" under the federal FOIA are persuasive in determining whether a record is a "public record" under the Michigan FOIA. *Hoffman, supra* at 337.

[f]ederal courts have consistently refused to require production of records held by private organizations which conduct studies or investigations for federal agencies, reasoning that such organizations are not public agencies and that records not in the actual possession of public agencies are not public records. [*Id.* at 337.]

This Court further noted that the federal courts' primary concern in determining whether a requested record constituted an "agency record" was "the fact of who created or obtained the information," *id.* at 338, and referenced Supreme Court cases indicating that "the mere fact that an agency has access to data produced by its grantee does not mean that production of the data is required under the act." *Id.* at 337, citing *Forsham v Harris*, 445 US 169, 186; 100 S Ct 977; 63 L Ed 2d 293 (1980); *Nat'l Labor Relations Bd v Sears, Roebuck & Co*, 421 US 132, 162; 95 S Ct 1504; 44 L Ed 2d 29 (1975). This Court then concluded that because it was the attorney who created and retained the information, and because the attorney only reported to the school board his opinion of the results of his investigation and not the information obtained during the investigation, the school district did not have to disclose the investigatory file when it received an FOIA request. *Hoffman, supra* at 338-339.

Here, however, not only did defendants have access to the information on the tapes, they provided that data to Port Huron so that it could fulfill its contractual obligation to defendants. Unlike the attorney in *Hoffman*, Port Huron did not generate or produce the information contained in the requested record; it simply converted the information that defendants supplied into a different format and stored the data for defendants in that format. Also, defendants in this case maintained a measure of control over the tapes.

Indeed, Wales Township stated in a letter to plaintiff that it "does not give anyone permission to obtain our current tax roll on computer tape or disc," and Port Huron would not release the tapes unless given permission by defendants. In *Ciba-Geigy Corp v Mathews*, 428 F Supp 523 (SD NY, 1977), another of the federal cases relied on by the *Hoffman* Court, the court explained that "[i]mplicitly, the FOIA's purpose of disclosing Government agency records reaches only those records which are *owned or controlled* by the Government agency and thus *used in the performance of its public business*." *Id.* at 529 (emphasis added).

Therefore, consistent with the holding in *Farrell* and the plain language of the statute, we conclude that because the tapes containing the tax information provided by defendants existed and were used in performing defendants' official function of property tax billing, as contracted for by defendants, those tapes were subject to the FOIA. Accordingly, plaintiff is entitled to judgment as a matter of law.

Plaintiff also argues that the circuit court erred in finding that defendants are not required under the FOIA to execute a release for records not in their possession. A public body has a duty under the FOIA to provide access to nonexempt records sought or to release copies of those records. *Walloon Lake Water System, Inc v Melrose Twp*, 163 Mich App 726, 731; 415 NW2d 292 (1987); *Pennington v Washtenaw Co Sheriff*, 125 Mich App 556, 564; 336 NW2d 828 (1983). Indeed, the FOIA provides that "a court that determines a public record is not exempt from disclosure shall order the public body to cease withholding or to produce all or a portion of a public record wrongfully withheld, *regardless of the location of the public*

*record.*" MCL 15.240(4) (emphasis added). Because the requested records in this case are nonexempt public records, the circuit court, on remand, must order defendants to produce the tapes, whether by signing the release provided by Port Huron or obtaining copies of the tapes and forwarding them to plaintiff, subject to the fees provided for in MCL 15.234.

Reversed and remanded for entry of an order granting summary disposition to plaintiff and requiring production of the requested records. We do not retain jurisdiction.