*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OUTSIDE LEGAL COUNSEL, PLC,

        Plaintiff-Appellant,

v

COUNTY OF SAGINAW,

        Defendant-Appellee.

UNPUBLISHED
January 15, 2026
9:41 AM

No. 375882
Saginaw Circuit Court
LC No. 24-002205-CZ

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

Plaintiff, Outside Legal Counsel, PLC (OLC), is a law firm that represented two individuals in several lawsuits against the sheriff of defendant, County of Saginaw (the Sheriff). OLC submitted a request under the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq*, to the County seeking disclosure of billing invoices prepared by the law firm that represented the Sheriff in the underlying lawsuits. The County denied the request, contending, in relevant part, that the invoices were not "public records." The trial court agreed and granted the County's motion for summary disposition. Finding no error, we affirm.

## I. BACKGROUND

Property that Gerald and Royetta Ostipow owned was seized in civil forfeiture proceedings in Saginaw County. This Court determined that Royetta was entitled to financial compensation for her share of the property. *In re Forfeiture of Marijuana*, 291 Mich App 243; 805 NW2d 217 (2011); *In re Forfeiture of Marijuana*, unpublished per curiam opinion of the Court of Appeals, issued October 22, 2013 (Docket No. 310106). The Ostipows, represented by OLC, filed a federal action against the Sheriff seeking return of the property, and the federal courts held that the remedy lay in state court. *Ostipow v Federspiel*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued July 18, 2018 (Case No. 16-cv-13026); *Ostipow v Federspiel*, 824 Fed Appx 336 (CA 6, 2020); *Ostipow v Federspiel*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued May 2, 2022 (Case No. 21-cv-11208); *Ostipow v Federspiel*, unpublished opinion of the United States Circuit Court for the

Sixth Circuit, issued September 29, 2023 (Case No. 22-1414). The Ostipows then filed suit in state court.[1]

The law firm of Cummings, McClorey, Davis & Acho (CMDA) represented the Sheriff in the Ostipows' lawsuits. CMDA prepared billing invoices for its services that it sent to the County's insurer, Traveler's Insurance Company (Traveler's), which paid the invoices. CMDA never sent invoices directly to the County. OLC submitted to the County a FOIA request seeking "[c]opies of all bills/invoices from [CMDA] for legal services provided" with respect to the above lawsuits. The County denied the request, asserting, in relevant part, that the invoices were not "public records" within the meaning of FOIA. The trial court agreed, and this appeal followed.

## II. ANALYSIS

OLC argues that the invoices are "public records" because the County had a statutory obligation to hire and compensate legal counsel for civil matters. OLC asserts that the invoices were therefore prepared in the furtherance of an official function, and it is irrelevant whether the County physically possessed the invoices. We conclude that the trial court properly determined that the invoices were not "public records" under the circumstances of this case.

## A. STANDARD OF REVIEW

This Court reviews de novo a grant or denial of summary disposition. *McMaster v DTE Energy Co*, 509 Mich 423, 431; 984 NW2d 91 (2022). "A motion under MCR 2.116(C)(10) should be granted if the evidence submitted by the parties fails to establish a genuine issue regarding any material fact, and the moving party is entitled to judgment as a matter of law." *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 424-425; 751 NW2d 8 (2008) (quotation marks, alteration, and citation omitted). This Court also reviews de novo questions of statutory interpretation and a trial court's legal determinations in FOIA cases. *Woodman v Dep't of Corrections*, 511 Mich 427, 439; 999 NW2d 463 (2023).

## B. PRINCIPLES OF LAW

The purpose of FOIA "is to provide the people of this state with full and complete information regarding the government's affairs and the official actions of governmental officials and employees." *Practical Political Consulting v Secretary of State*, 287 Mich App 434, 462; 789 NW2d 178 (2010). Under MCL 15.232(i), a "public record" means, in relevant part, "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." Actual possession of the record is not dispositive. Public bodies[2] "may not avoid their obligations under the FOIA by contracting for a clerical service that allows them to more efficiently perform an official function." *MacKenzie v Wales Twp*, 247 Mich App 124, 129; 635 NW2d 335 (2001). Records created by a nonpublic body may be

---

[1] Appeals in the state court proceeding are currently pending before this Court in Docket Nos. 375460 and 375468.

[2] The parties do not dispute that the County is a "public body" for the purposes of FOIA.

considered public records if they were "prepared, owned, used, possessed, or retained" by the public body "in the performance of an official function." *Amberg v Dearborn*, 497 Mich 28, 31-32; 859 NW2d 674 (2014).

Documents are not public records, however, merely because a public body possessed them. *Blackwell v Livonia*, 339 Mich App 495, 507-508; 984 NW2d 780 (2021) (personal e-mails sent by employees of a public body were not automatically public records under FOIA); *Hopkins v Duncan Twp*, 294 Mich App 401, 414-418; 812 NW2d 27 (2011) (written notes of public body's employee that were not shared with other employees or entered into official record were not public records); *Howell Ed Ass'n, MEA/NWA v Howell Bd of Ed*, 287 Mich App 228, 236-237; 789 NW2d 495 (2010) (personal e-mails possessed by public body were not public records unless they were kept in the performance of and were necessary to an official function).

FOIA does not define what constitutes an "official function." *Kestenbaum v Mich State Univ*, 414 Mich 510, 538; 327 NW2d 783 (1982) (opinion by RYAN, J.). In *Kestenbaum*, Justice RYAN opined that a magnetic tape containing a list of the defendant university's students was kept "in the performance of an official function" because the university would be unable to function without the list. *Id*. at 538-539. This Court adopted that approach in holding that personal e-mails kept by a school were not kept "in the performance of an official function" because the school did not need the personal e-mails to function. *Howell Ed Ass'n*, 287 Mich App at 236-237. In *Detroit News, Inc v Detroit*, 204 Mich App 720, 723-725; 516 NW2d 151 (1994), this Court determined that the city of Detroit used and retained phone bills in the performance of an official function notwithstanding that a nonpublic body prepared the bills, and the city chose not to examine the bills before paying them. When construing the word "used" in the phrase "used . . . in the performance of an official function," this Court determined that the most important consideration was whether a document had some bearing on the public body's decision-making. *Hopkins*, 294 Mich App at 410-411.

## C. IN THE PERFORMANCE OF AN OFFICIAL FUNCTION

OLC argues that the invoices prepared by CMDA and submitted to Traveler's were "prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function" because the County is required to hire an attorney to represent its officials, is permitted to hire an attorney to represent itself, and is required to provide the attorney with reasonable compensation. MCL 49.71;[3] MCL 49.73.[4] Assuming, without deciding, that a county

---

[3] "The board of supervisors of any county by a majority vote of the members-elect may employ an attorney to represent the county in civil matters, whenever the board determines that the prosecuting attorney is unable to properly represent the county. Such attorney shall receive such compensation as shall be determined by the board of supervisors."

[4] "The board of commissioners of a county shall employ an attorney to represent elected county officers, including the sheriff . . . as a defendant, when neither the prosecuting attorney or county corporation counsel is able to represent the particular officer. . . . The attorney shall receive reasonable compensation as shall be determined by the board of commissioners. . . ."

performs an official function by hiring and arranging to compensate an attorney, that does not end the inquiry.

In *MacKenzie*, a contractor prepared records on behalf of a public body by using data that the public body provided. The public body then used the records for public purposes, so the records were "public records" even though they were not in the public body's physical possession. *MacKenzie*, 247 Mich App at 125-132. Unlike the records in *MacKenzie*, however, the County never directly used the invoices, did not provide any of the data used to create the invoices, and did not have access to any of the data contained in the invoices. Further, nothing in MCL 49.71 or MCL 49.73 required the County to review the invoices. The statutes merely required the County to compensate the attorney and did not specify the form or manner of compensation. Because no authority suggests that a county must compensate an attorney on a case-by-case or hourly basis, the County can perform its official function by leaving the payment details to its insurer and had no need for the invoices to carry out that function. *Howell Ed Ass'n*, 287 Mich App at 236-237. Unlike the telephone bills in *Detroit News* that the city directly paid and that reflected actions by public officials and employees, neither CMDA nor its attorneys were public officials or employees. Therefore, the details in the invoices did not reflect on the actions of any public official or employee, and the County only indirectly compensated CMDA through its insurer.

Notwithstanding that CMDA acted in the County's interests, the County did not require the invoices or any of the data contained in them to carry out an official function, and neither the invoices nor the data was ever made available to the County. Further, OLC fails to articulate how the invoices could possibly have affected the County's decision-making, *Hopkins*, 294 Mich App at 410-411, or what possible light they could shed on the official actions of County officials or employees, *Practical Political Consulting*, 287 Mich App at 462. OLC relies on inapposite caselaw that the trial court properly rejected, and relevant caselaw establishes that the invoices were not "public records." Accordingly, the trial court properly determined that the invoices were not "public records" within the meaning of FOIA. Because we find that the invoices were not "public records," we need not consider OLC's remaining arguments.

Affirmed. The County, being the prevailing party, may tax costs. MCR 7.210(A).

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace

-4-